UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JESSICA RICHTER,

               Plaintiff,

               -against-

DESIGN AT WORK, LLC, and DAVID
CONROY,

               Defendants.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
14-CV-650 (RRM) (LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

    Plaintiff Jessica Richter, proceeding *pro se*, brings this action against defendants, Design at Work, LLC, and David Conroy. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915 (Doc. No. 2) is granted for the limited purpose of this Memorandum and Order. For the reasons set forth below, the complaint is dismissed with leave to amend, as more fully directed below.

## BACKGROUND

    For purposes of this Memorandum and Order, the Court assumes that the allegations plaintiff makes in her complaint are true.[1] Plaintiff alleges that defendant Conroy hired her as "a permanent part-time assistant" at defendant company Design at Work, LLC, a small design firm. (*Id*. at 3.) Plaintiff worked in this capacity from approximately June 1, 2010, until February 8, 2013. (*Id.*) She was paid $20 per hour on a biweekly basis. (*Id*. at 3, 13.) She primarily performed bookkeeping and administrative tasks in the firm's Brooklyn office, and occasionally assisted with product research and design. (*Id*. at 4, 7–8, 10-11.) The complaint includes

---

[1] At the pleadings stage, a court must assume the truth of all well-pleaded, non-conclusory factual allegations in a complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 1949–50 (2009)).

specific details of the tasks plaintiff performed and the extent to which Conroy directed her work. (*See id.* at 4–11.)

When plaintiff was first hired, "there was no discussion as to the position being an independent contractor or employee position." (*Id.* at 3.) When plaintiff asked if she should fill out a W-4 form, Conroy told her that he "couldn't afford to have employees." (*Id.* at 4.) Conroy later told her that at a prior corporation, "the New York Department of Labor had pursued him for not paying workers comp on . . . employees." (*Id.* at 11.) Conroy told his insurance broker that plaintiff was "paid as an independent contractor." (*Id.* at 12.) At Conroy's instruction, plaintiff prepared Internal Revenue Service (IRS) Forms 1099-MISC for herself and another part-time worker. (*Id.* at 14.) These forms were sent to Conroy's accountant, but plaintiff did not file the forms with the IRS. (*Id.* at 14–15.) "When learning that I had never submitted any 1099-MISC forms to the IRS, Mr. Conroy became enraged and yelled at me that I was going to get him in trouble with the IRS." (*Id.* at 15–16.) After this incident, plaintiff did not return to the office. (*Id.*) After plaintiff's "dismissal on February 8, 2013, [she] applied for and was awarded unemployment benefits by the Department of Labor." (*Id.* at 16.)

The complaint does not identify any injury, and the only relief plaintiff requests is that the Court "determine my worker status for the purposes of Federal Law." (*Id.*) Plaintiff asserts that the Court has "Federal Question [jurisdiction] regarding the status of a worker under federal common law 'economic realities test,' specifically employee versus independent contractor status under Federal Regulation Title 26, Part 31.3401(c)." (*Id.* at 2.)

**DISCUSSION**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quoting Fed. R. Civ. P. 8(a)(2)), and each averment must be "concise[] and direct,'" *id*. (quoting) Fed. R. Civ. P. 8(d)(1)). The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints must satisfy this plausibility standard, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), but a court reviews such allegations with "special solicitude." interpreting the allegations to raise the "strongest arguments that they suggest*." Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (*per curiam*). Nonetheless, a court must dismiss a complaint brought *in forma pauperis* if the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). If a liberal reading of the pleading gives any indication that a valid claim might be stated, the court must grant leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Additionally, "[i]n every federal case, the party bringing the suit must establish standing to prosecute the action." *Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 11 (2004). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). "'The irreducible constitutional minimum of standing' derives from Article III, Section 2 of the U.S.

3

Constitution, which limits federal judicial power to 'cases' and 'controversies.'" *Natural Resources Defense Council, Inc. v. United States Food and Drug Admin.*, 710 F.3d 71, 79 (2d Cir. 2013) (quoting U.S. Const. art. III § 2; *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). "To establish that a case or controversy exists so as to confer standing under Article III, a plaintiff must satisfy three elements: (a) the plaintiff must suffer an injury in fact, (b) that injury must be fairly traceable to the challenged action, and (c) the injury must be likely to be redressed by a favorable decision of the federal court." *Id.* (internal quotation marks omitted).

Because plaintiff alleges no injury and pleads no cause of action against defendants, she fails to (1) establish her standing to bring this action and (2) state a claim on which the Court may grant relief. Accordingly, any judicial determination concerning plaintiff's previous employment status under the FLSA would be purely advisory. The Court declines to issue an advisory opinion where no case or controversy exists.

For these reasons, the complaint is dismissed with leave to amend. If plaintiff wishes to file an amended complaint, she must do so within 30 days of the date of this Memorandum and Order. The document must be captioned "AMENDED COMPLAINT," bear docket number 14-CV-650 (RRM) (LB), and set forth the legal basis and factual allegations to support her claim, along with the relief she is seeking.

**CONCLUSION**

The complaint is dismissed with leave to amend within 30 days of the date of this Memorandum and Order. If plaintiff fails to so amend within the time allowed, the Court will dismiss this action without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to send a copy of this Memorandum and Order to plaintiff and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
April 4, 2014

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge